UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENARD DARNELL NEAL,<br><br>    Petitioner,<br><br>    v.<br><br>ALBERTO GONZALES, Attorney General,<br><br>    Respondent. | Civil Action No. 06-0610 (JDB) |

## MEMORANDUM OPINION

Petitioner, an inmate at the United States Penitentiary in Coleman, Florida, filed this *pro se* action challenging the constitutionality of the convictions and sentence he received in the United States District Court for the District of Arizona. He seeks a writ of habeas corpus. Because the present petition is a successive motion under 28 U.S.C. § 2255, the case will be dismissed.

### Background

On January 18, 1991, in the United States District Court for the District of Arizona, petitioner was sentenced to a term of imprisonment of 55 years for bank robbery and use of a firearm during a crime of violence. Petition ("Pet.") at 2. On direct appeal, petitioner's convictions and sentence were affirmed by the Ninth Circuit. *United States v. Neal*, No. 91-10078, 1992 WL 259243, at * 3 (9th Cir. Oct. 5, 1992); *United States v. Neal*, 976 F.2d 601, 603 (9th Cir. 1992).

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court

for the District of Arizona. Pet. at 2. He alleged the following grounds for relief: (1) ineffective assistance of counsel; (2) his consecutive sentences were unlawful; and (3) the government failed to establish jurisdiction, i.e, that the bank robbed by petitioner was insured by the Federal Deposit Insurance Corporation. *Id.* The district court denied the motion. *Id.* That decision was affirmed by the Ninth Circuit. *United States v. Neal*, No. 95-15524, 1997 WL 684033, at * 2 (9th Cir. Oct. 20, 1997).

Petitioner has filed two other § 2255 motions. Pet. at 3-4; *Neal v. United States* No. CR-90-03, 2006 WL 2481126, at * 1 (D. Ariz. Aug. 24, 2006). Petitioner was denied relief because these filings were second or successive motions. *Neal*, 2006 WL 2481126, at * 1.

**Discussion**

Petitioner seeks a writ compelling respondent to release him from confinement. Habeas corpus jurisdiction under 28 U.S.C. § 2241 lies only in the district court where the prisoner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 433 (2004). The warden where the petitioner resides is the custodian for purposes of habeas jurisdiction. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). Since the petitioner is incarcerated in the Middle District of Florida, this Court would not have jurisdiction to consider petitioner's claims under § 2241.

A federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to § 2255. *McLean v. United States*, No. 90-0318, 2006 WL 543999, at *2 (D.D.C. Mar. 3, 2006); *Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999). Such a motion must be made in the sentencing court. *Moore v. Smith*, 186 Fed Appx. 8 (D.C. Cir. 2006);

*Simmons v. Beshouri*, No. 06-380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006).[1] Petitioner was sentenced in the United States District Court for the District of Arizona.

Petitioner has filed prior unsuccessful §2255 motions. Before a second or successive motion to set aside, vacate, or correct sentence can be considered by a district court, a defendant must first seek an order authorizing the filing of the motion from the appropriate court of appeals. 28 U.S.C. §§ 2244(b)(3)(A) & 2255. A district court lacks jurisdiction to consider a second or successive motion in the absence of certification from the circuit court. *Moore v. Dep't of Justice*, No. 98-5085, 1998 WL 545421, at * 1 (D.C. Cir. July 17, 1998); *Hudson v. United States*, No. 97-5140, 1998 WL 315593, at *1 (D.C. Cir. May 29, 1998). Therefore, petitioner's present action can only be considered by the Ninth Circuit.

Having determined that this Court lacks jurisdiction to consider petitioner's claim, the remaining issue is whether to dismiss or transfer the petition. Several courts, in the "interest of justice," have transferred second or successive § 2555 motions to the appropriate court of appeals for certification. *See, e.g., In re Sims*, 111 F.3d 45, 67 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339, 340-41 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). In three unpublished opinions, the D.C. Circuit has concluded that in the absence of certification by a court of appeals, transfer of a § 2255 motion to the proper jurisdiction is not in the interest of justice. *See Lee v. Dep't of Justice*, No. 01-5215, 2002 WL 335532, at *1 (D.C. Cir. Jan. 25, 2002); *Aviles v. United States*, No. 00-5069, 2000 WL 628224, at *1 (D.C. Cir. Apr. 25, 2000);

---

[1] The one exception to this rule is if the remedy in the sentencing court is "inadequate or ineffective." 28 U.S.C. § 2255 ¶5. The fact that petitioner's motions were unsuccessful in the District of Arizona does not render his § 2255 remedy inadequate or ineffective. *See Johnson v. Robinson*, 509 F.2d 395, 397 (D.C. Cir. 1974); *Boyer v. Conaboy*, 983 F.Supp. 4, 8 (D.D.C. 1997).

*Perales v. Hawk*, No. 99-5098, 1999 WL 728357, at *1 (D.C. Cir. Aug. 4, 1999). Based on these decisions, the case will not be transferred.

## Conclusion

For the above stated reasons, the petition for writ of habeas corpus will be denied and the case dismissed. A separate order accompanies this Memorandum Opinion.

/s/<br>JOHN D. BATES<br>United States District Judge

Dated: May 4, 2007