UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENARD DARNELL NEAL,

    Petitioner,

    v.

ALBERTO GONZALES, Attorney General,

    Respondent.

Civil Action No. 07-0610 (JDB)

## ORDER

This matter was remanded from the Court of Appeals for a determination of whether a certificate of appealability should be granted. A court may only issue a certificate of appealability if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Although petitioner need not demonstrate that he is likely to succeed on appeal, he must "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

As this Court explained in its earlier decision denying the petition for a writ of habeas corpus, a federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to § 2255. *McLean v. United States*, No. 90-0318, 2006 WL 543999, at *2 (D.D.C. Mar. 3, 2006); *Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999). Such a motion must be made in the sentencing court. *Moore v. Smith*, 186 Fed Appx. 8 (D.C. Cir. 2006);

*Simmons v. Beshouri*, No. 06-380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006). Petitioner was sentenced in the United States District Court for the District of Arizona.

Petitioner has filed prior unsuccessful §2255 motions. Before a second or successive motion to set aside, vacate, or correct sentence can be considered by a district court, a defendant must first seek an order authorizing the filing of the motion from the appropriate court of appeals. 28 U.S.C. §§ 2244(b)(3)(A) & 2255. A district court lacks jurisdiction to consider a second or successive motion in the absence of certification from the circuit court. *Moore v. Dep't of Justice*, No. 98-5085, 1998 WL 545421, at * 1 (D.C. Cir. July 17, 1998); *Hudson v. United States*, No. 97-5140, 1998 WL 315593, at *1 (D.C. Cir. May 29, 1998). Therefore, petitioner's present action can only be considered by the Ninth Circuit.

The Court concludes that the grounds for its decision are not susceptible to debate among reasonable jurists and, therefore, that issuance of a COA would be inappropriate. Petitioner has not "made a substantial showing of the denial of a constitutional right." Accordingly, it is hereby

ORDERED that a certificate of appealability is DENIED.

                                                                      _____/s/_____
                                                                         JOHN D. BATES
                                                             United States District Judge

DATE: September 4, 2007